160 So. 265

### CREAMER v. STATE.
### 8 Div. 115.

Court of Appeals of Alabama.
Feb. 19, 1935.

Rehearing Denied March 19, 1935.

William Stell, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was tried in the law and equity court upon an affidavit charging him with the offense of violating the prohibition law (Code 1923, § 4615 et seq.). He was convicted, and the jury assessed a fine against him of $150. From the judgment of conviction, this appeal was taken, as the special or local statute provides for that court.

Upon the trial in the court below, the defendant offered no testimony, but relied upon the insufficiency of the evidence offered by the state for an acquittal. His insistence in this connection is to the effect that the state failed to meet the burden of proof necessary for a conviction.

The evidence in the case, therefore, is without dispute or conflict. At its conclusion the court submitted the case to the jury, and, in so doing, the appellant insists, committed reversible error. This is the principal point of decision, although other exceptions were reserved pending the trial. In the main, such exceptions relate to matters of minor importance, and in this connection we find no ruling of the court necessitating a reversal of the judgment of conviction from which the appeal was taken. As intimated, the controlling question here is whether or not the court erred in refusing to defendant the general affirmative charge.

The state's witnesses, three in number, were the sheriff of the county, also his chief deputy sheriff, and the chief of police of the town of Russellville, in which said town the offense was alleged to have been committed.

These three witnesses testified: That on the day in question they went to the home of this appellant in Russellville, and that defendant's aged father was present, also the defendant's wife, who told the officers to go on into the house, and some of his children were there. The defendant himself was not present. That they made search of his home and immediate premises and in his smokehouse, sixteen or eighteen feet from the defendant's dwelling, they found two fifty-gallon barrels buried in the dirt floor of his smokehouse, about six inches below the surface of the smokehouse floor. That there was sand and gravel over the top of the barrels which they scraped away and dug up the barrels, one of

which was full of whisky, and the other practically full. In addition to this, they also found a five-gallon keg about half full of whisky in the yard closely adjacent to the dwelling, the keg being hidden in a hole with leaves and trash over it, and also a land spreader on top of this. In addition to the foregoing, they found one quart of whisky under a plank near the hogpen in the yard, and two quarts on the sill under the dwelling house. Other whisky was found by them during the search, in all about 105 gallons. In addition to this, a large number of bottles were found in his house and in a croker sack on the back porch; also a rubber tube which could be used as a siphon was found hanging on the wall in the side room of the smokehouse. On the same afternoon the sheriff met appellant on the streets of Russellville and stated to him, "Claude we have been out to your house and found a lot of whiskey, do you want to take this whiskey and make bond or will I have to make a warrant against your father, as he was the only one out there?" He said, "I will take it and make bond for it," which he did.

Appellant in no manner denied any of the foregoing facts, but insists that the state failed to connect him with the possession of the whisky, and that he was entitled to the affirmative charge requested. We do not so conclude.

From the foregoing and other evidence of the same import, we hold that the court properly submitted the case to the jury, under a proper charge, for its determination. Hence there was no error in refusing to defendant the general affirmative charge. As stated, this is the controlling question on this appeal. No error appearing in the court's rulings, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.